# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. 12-CR-0053-CVE |
| JAMES HOWARD BURNS, | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

This matter comes on for consideration of Defendant's Unopposed Motion to Continue (Dkt. # 10). Defendant is charged with possession of child pornography and receipt of child pornography in violation of 18 U.S.C. § 2252. Dkt. # 2. He is currently scheduled for pretrial on April 2, 2012 and trial on April 16, 2012, and he requests a 30 day continuance of his pretrial and trial. Counsel for defendant states that the government has produced a substantial amount of discovery, including a compact disc containing a forensic analysis of four hard drives. Counsel states that she needs to retain an expert to review the government's forensic analysis, and it may be necessary for the expert to independently analyze the hard drives. Counsel also notes that this is a child pornography case and much of the discovery cannot be copied and produced to defendant as in other types of cases, and counsel requires additional time to review the evidence in the government's possession. The government does not oppose defendant's request for a continuance.

Defendant's requests for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for

granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court has reviewed defendant's motion and finds that an ends of justice continuance is appropriate. Due to restrictions on production of discovery in child pornography cases, the government cannot simply produce all of the evidence to defense counsel, and the process of reviewing discovery is more time consuming than in an ordinary criminal case. Defense counsel also states that she needs the assistance of an expert to provide effective advice to her client, and she will be unable to adequately prepare her client for a change of plea or a trial by April 16, 2012.

2

Denying a continuance in these circumstances would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that Defendant's Unopposed Motion to Continue (Dkt. # 10) is **granted**. The pretrial set for April 2, 2012 and jury trial set for April 16, 2012 are **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| **PT/CP/Motions Hearing:** | May 7, 2012 at 9:30 a.m. |
| Voir dire, jury instructions, and trial briefs due: | May 14, 2012 |
| **Jury Trial:** | May 21, 2012 at 9:15 a.m. |

**IT IS FURTHER ORDERED** that the time between April 16, 2012 and May 21, 2012 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 29th day of March, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE